UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:

EDWARD ORLOWSKI,

    Plaintiff

v.

US MELON LLC,
a Florida limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, EDWARD ORLOWSKI ("Plaintiff"), pursuant to *29 U.S.C. § 216(b),* files the following Complaint for Damages and Demand for Jury Trial against Defendant, US MELON LLC ("Defendant"), and alleges as follows:

### INTRODUCTION

1. Defendant unlawfully deprived Plaintiff of compensation during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all wages that Defendant refused to pay Plaintiff during his employment.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, US MELON LLC, was a Florida limited liability company location and transacting business within Oakland Park, Florida, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Plaintiff worked for Defendant, US MELON LLC, at its principal location at 1620 W. Oakland Park Blvd., FL 33311.

5. Defendant, US MELON LLC, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. All acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

7. Defendant, US MELON LLC, regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

9. Defendant, US MELON LLC, is a full-service sales facilitator for farmers who aim to connect their produce to retailers.

10. Defendant provides assistance to both farmers and retailers alike to deliver and source high quality fruits and vegetables. *See https://usmelon.com* (last visited June 4, 2020).

## FLSA COVERAGE

11. During his employment, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce and is

therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently used the interstate telephones to process orders across state lines in locations such as Georgia, South Carolina, North Carolina, and Texas. These phone calls were made on a daily basis and were an integral part of Plaintiff's work and one of Plaintiff's primary duties in furtherance of the fulfillment and distribution of Defendant's products.

12. Based on Plaintiff's own interaction with interstate commerce, Plaintiff is individually covered under the FLSA.

13. During all times material hereto, Plaintiff was a non-exempt employee of Defendant, US MELON LLC, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANT

14. Plaintiff began working for Defendant in or around October 2019.

15. During all time periods pertinent to this Complaint, Defendant retained the power to hire, fire, discipline, and control company pay practices as they relate to Plaintiff and other company employees.

16. During all time periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendant including servicing inside produce sales, via telephone.

17. During all times material hereto, Defendant treated Plaintiff as a salaried employee. Defendant compensated Plaintiff six hundred and fifty dollars ($650.00) per week.

18. After being hired by Defendant, and at the inception of Plaintiff's employment, Plaintiff received two (2) weeks of training from Defendant.

19. Defendant failed to pay Plaintiff for the two (2) weeks of training and for the first two (2) weeks of employment after training.

20. Plaintiff complained to Defendant on multiple occasions regarding Defendant's failure to compensate Plaintiff for the work he performed.

21. Defendant refused to provide any compensation to Plaintiff for the time period addressed herein.

22. In order to enforce his rights to wages under federal law, Plaintiff has been required to retain the undersigned counsel and is entitled to recover attorney's fees and costs.

**COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – *29 U.S.C. § 206***

23. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 22 as thought set forth fully herein.

24. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

25. From around October 2019 through the present, Defendant has refused to compensate Plaintiff for the four (4) weeks of work performed at the beginning of Plaintiff's employment.

26. As a result of Defendant's failure to pay Plaintiff wages, violations of the FLSA have occurred in each of the four (4) workweeks.

27. Defendant willfully and intentionally refused to pay Plaintiff's wages as required by the FLSA, as Defendant knew (or should have known) of the minimum wage requirements of the FLSA, and refused to comply with those requirements.

28. Defendant recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during the relevant time period.

29. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

30. Defendant's willful or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

31. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, EDWARD ORLOWSKI, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, US MELON LLC, and award Plaintiff: (a) unliquidated damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) reasonable attorney's fees and costs to be paid by Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II - COMMON LAW BREACH OF CONTRACT

32. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 22 as thought set forth fully herein.

33. In October 2019, Plaintiff and Defendant entered into an employment contract whereby Plaintiff agreed to perform work to Defendant's benefit, in exchange for compensation of $650.00 per week, for all weeks of work.

34. From around October 2019 through the present, Defendant has refused to pay Plaintiff at the agreed weekly compensation of $650.00 per week for the four (4) weeks of work performed at the beginning of Plaintiff's employment.

35. As a result of Defendant's failure to pay Plaintiff wages, Defendant has materially breached its contract with Plaintiff in each of the four (4) workweeks at the beginning of Plaintiff's employment.

36. Plaintiff has suffered damages as a result of Defendant's failure to pay Plaintiff's agreed wages.

37. Plaintiff has performed all obligations under the contract.

38. As a result of the breach of employment contract and unpaid wages alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs under *Fla. Stat. § 448.08*.

WHEREFORE, Plaintiff, EDWARD ORLOWSKI, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, US MELON LLC, and award Plaintiff: (a) compensatory damages to be paid by Defendant; (b) reasonable attorney's fees and costs to be paid by Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, EDWARD ORLOWSKI, requests and demands a trial by jury on all appropriate claims.

**Dated this 5th day of June 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Edward Orlowski*

By: */s/ Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on June 5, 2020.

By: */s/ Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: